H. C. WHITE CO. v. WALBRIDGE et al.

(Circuit Court of Appeals, Second Circuit. October 28, 1903.)

No. 494.

1. PATENTS—INFRINGEMENT—STEREOSCOPES.

The White patent, No. 548,149, for a stereoscope showing an extension of the shaft beneath the hood to support the same and more effectually exclude the light from below, is entitled only to a narrow construction, and is not infringed by the device of the Walbridge patent, No. 599,878, in which the shaft is not extended, but a separate piece of veneering shaped to fit the face is placed within the hood, and supported by its edges, to exclude the light.

Appeal from the Circuit Court of the United States for the District of Vermont.

This cause comes before this court on appeal from a decree granting an injunction against the infringement of complainant's patent No. 548,149, granted October 15, 1895, to H. C. White for a stereoscope.

For opinion below, see 118 Fed. 166.

William A. Megrath, for appellant.

Franklin Scott, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The first three claims of the patent in suit—the only ones here in question—are as follows:

"(1) A stereoscope, consisting of a lens-frame, a shaft attached thereto, which extends forward of the said frame and is recessed to fit closely the nose and cheeks, and a hood which extends around the said frame to the sides of the said shaft and is supported thereby, the front part of the said shaft being practically a part of the said hood, the said hood being also provided with extensions for fitting against the temples, to combine with the said recessed shaft in forming a dark chamber, substantially as set forth.

"(2) A stereoscope, consisting of a lens-frame, a shaft attached thereto, which extends forward of the said frame and is recessed to fit closely the nose and cheeks, and a hood which extends around the said frame to the sides of the said shaft and is supported thereby, making the latter practically a part of the said hood, substantially as set forth.

"(3) The described improvements in stereoscopes, consisting of a lens-frame, a shaft extending forward of the said frame, and a hood extending around the said frame to the sides of the said shaft and supported thereby, the front edges of the hood and the front end of the shaft being cut to fit the shape of the face of the observer, substantially as set forth."

The court below in its opinion describes defendant's construction, and states the facts and the issue between the parties, and its conclusions, as follows:

"Hoods for such instruments that excluded the light from below, which is a useful effect, had been made before; but the extension of the shaft shaped to fit the nose and face, and adapted to support the hood, does not appear to have been used before for that or any purpose. These former hoods were clumsy, and had not been well adapted to practicable and successful 'scopes.' The invention made darker chambers within the hoods more feasible, and came immediately into extensive use, and the patent for it seems to be valid for what it covers. The more important and difficult question is as to infringement. In the defendant's 'scopes' complained of, the

shaft stops at the lens-holder, as before, and a piece of veneering shaped to fit the nose and face and curved to lie at each end within and upon the lower edges of the hood is fastened to the shaft there. The patent cannot be valid for excluding the light from below and forming a darker chamber within the hood, for that would be old, but only for the means by which the darker chamber is formed and maintained. The defendant does not extend the shaft bodily beyond the lens-holder, for excluding light from below and supporting the edges of the hood, but adds another piece extending from the end of the shaft and supported by the edges of the hood excluding the light. This piece does not support the edges of the hood, which is one object of the patented invention, but does exclude the light from below, which is another object, by what, for this purpose, is an extension of the shaft, in the same way. Splicing out the shaft to exclude the light is the substantial equivalent of extending the shaft bodily for the same purpose, and this part of the invention appears to have been appropriated by the defendant."

Even if the correctness of the conclusion of the court below as to the validity of the patent be assumed, we are unable to accept its final conclusion upon the question of infringement. The patentee, in his specification, describes his construction as follows:

"The invention relates to the construction of the several parts of the common hand stereoscope, and constitutes an improvement in the method of making and putting together the several parts, whereby a more convenient and durable 'scope' is produced. As 'scopes' have heretofore been constructed, the front end of the shaft has been cut off flush with the front side of the lens-frame, and the hood has been carried around only to the edge of the broad part of the shaft, so that there was a considerable opening on each side of the nose of the observer for the admission of light to the eyes from below, which would interfere with perfect vision. I have devised several varieties of hood to obviate this interference of light from below, of which this is one. The edge of the hood and of the end of the shaft are shaped to conform to the contour of the face, so that when the instrument is held to the face all parts of the edge of the hood and end of the shaft will fit the face. By carrying the shaft across the lens-frame, as shown, and holding the ends of the hood in rabbets or grooves, a much firmer structure is obtained, and the hood is held from curling or warping out of shape—a thing it is liable to do, as it is generally made up of veneers transversely laid up in glue."

This construction of a shaft supporting a hood is made the essential element of the three claims, and in the first and second claims is specified as so arranged that the shaft is practically a part of the hood. The defendant's stereoscope is manufactured under patent No. 599,878, granted to H. S. Walbridge May 12, 1896. As found by the court below, defendant does not extend his shaft, but, in order to shut out the light, adds a separate bridge piece, not supporting, but within and supported by, the hood. This bridge piece is composed of very thin and flexible wooden veneers, is stamped out by dies, and is tacked to the shaft. Manifestly, its use does not produce "a much firmer structure," nor is the hood "held from curling or warping out of shape." In view of the narrow scope which must be given to the claims in order to sustain the validity of the patent in suit, it must be held that they are not infringed by defendant's construction.

The decree is reversed, with costs.